UMBERTO PICCOLO ET AL. *vs.* TOWN OF WEST HAVEN ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided November 5th, 1935.

*Benjamin F. Goldman* and *Claude B. Maxfield,* for the appellants (plaintiffs).

*Curtiss K. Thompson,* with whom was *John H. Weir,* for the appellees (defendants).

BANKS, J. Appellants are the owners of a lot on the south side of Beach Street in West Haven having a street frontage of fifty feet and being bounded on the south by Long Island Sound. A two story frame building used for business purposes which had stood on the property for many years was destroyed by fire on June 11th, 1932. Under the building zone regulations of the town of West Haven, adopted April 22d, 1931, the south side of Beach Street was designated as a residence B zone and the north side as an industrial zone. The zoning regulations provided that any building destroyed by fire to an extent exceeding 50 per cent. of its assessed value might, "if rebuilt within one year of such destruction, be reconstructed and used as it was prior to such destruction." On May 9th, 1933, plaintiffs filed with the building inspector in accordance with the provisions of the zoning regulations an application for a permit to construct a new building on their property which was denied and an appeal taken by the plaintiffs to the zoning board of appeals. At the hearing upon the appeal it appeared that the original building had a depth of about ninety feet while the proposed building had a depth of seventy feet with a porch in the rear; and that the width of the old building was forty feet and that of the proposed building fifty feet. It further appeared that the proposed building was not to be equipped with pay toilets on the first floor, as was the old, and that the second floor was to be a single large room instead of being partitioned into office and storage rooms. The zoning board of appeals denied the appeal, stating no reasons for its action, and denied a request of the appellants for a rehearing of their appeal.

On June 7th, 1933, the appellants filed with the building inspector revised plans and specifications

with an application for a permit to erect a building in conformity therewith which was denied and a second appeal taken to the zoning board of appeals. At the hearing upon this appeal it appeared that the original building had a width of forty feet and did not occupy the entire lot while the proposed building had a width of fifty feet and would occupy the whole lot; also that the old building had a depth of ninety feet and the proposed building a depth of seventy-five feet. It also appeared that the proposed building could not be constructed within one year from the date of the destruction of the old building as required by the building zone regulations. The final plans did not provide for brick side walls as required by the building code of the town when a building is constructed within four feet of the property line. The board found that no hardship would result to the appellants by reason of strict enforcement of the zoning regulations, and denied the second appeal, stating no reasons for its action. The area of appellants' lot is sufficiently large to permit the erection thereon of a residential building in conformity with the provisions respecting residence B zones, but the location is not appropriate or desirable for a residence, the character of the neighborhood being entirely business and industrial. The proposed building was of a design suitable for business purposes of the same character as those for which the old building had been used except as stated. The trial court dismissed the appeal and thereafter denied a motion of the appellants that the court reopen and modify its judgment.

The issue before the zoning board of appeals was whether the situation disclosed on the hearings before it was such that, under the zoning regulations in force, the petition of the appellants might and should be granted. The decision of this issue rested in the dis-

cretion of the board, to be overruled only if it should be found that it acted arbitrarily instead of fairly, with proper motives and upon valid reasons. Upon the appeal to the court from the decisions of the board the issue was whether the board had acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. *Blake* v. *Board of Appeals,* 117 Conn. 527, 531, 533, 169 Atl. 195.

The zoning regulations of the town authorize the board of appeals to "hear and decide appeals where it is alleged there is error in any order, requirement or decision by the zoning inspector in the enforcement of the regulations," also to "vary any requirement of these regulations in harmony with their general purpose and intent, so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties and unnecessary hardships in the way of carrying out the strict letter of these regulations." The board of appeals was called upon to decide two questions, (1) whether the building inspector was in error in refusing the applications because the proposed building did not comply with the zoning regulations, and (2) whether it should exercise its power to vary the strict letter of the regulations so that substantial justice might be done and unnecessary hardships avoided.

The first question involved the construction of the provision in the zoning regulations permitting the "reconstruction" of a building destroyed by fire, if rebuilt within one year. Appellants' building was a nonconforming use of their property which it was the ultimate purpose of the zoning ordinances to exclude from this area. They contemplated that such buildings should be reduced to conformity as completely and speedily as possible, with due regard to the interests

of those concerned, and that in no case should the nonconformity be allowed to increase. *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 Atl. 273; *Darien* v. *Webb,* 115 Conn. 581, 585, 162 Atl. 690. The regulations, reasonably construed, would not require an exact reproduction of the old building and, if a similar use of the building is intended, minor variations in its interior construction or otherwise would not justify a holding that the new building was not a substantial reconstruction of the old one. But the proposed new building would have a frontage upon the street 25 per cent. greater than the old, and moreover would result in the whole frontage of the lot being built upon, thus substantially increasing the nonconformity. Having in mind the object sought to be attained in the zoning regulations, in the light of which the provision permitting reconstruction should be read, we cannot say that the board acted arbitrarily or illegally in holding that this was not a "reconstruction" of the old building. *Thayer* v. *Board of Appeals,* supra. There is nothing in the record to indicate that the members of the board were actuated by improper motives in reaching their decisions. The board was not required to give reasons for its decisions or to make a formal finding of the facts upon which its action was based, though it is wise and proper procedure for it to make such a finding and state the reasons for its decision. *Perdue* v. *Board of Zoning Appeals,* 118 Conn. 174, 178, 171 Atl. 26. The board was under no duty to grant a rehearing upon the original appeal, nor was it bound to make suggestions to appellants as to how their plans should be changed, or to grant the permit upon condition that they be changed.

The second question involved the duty of the board to exercise its discretion to vary the application of

the regulations when their strict enforcement would cause unnecessary hardship. No doubt the appellants will suffer a hardship if none but a residential building may be erected on their lot, since it appears that the location is not appropriate or desirable for a residence, the character of the neighborhood being entirely business and industrial. But such hardship would result from their own conduct in failing to reconstruct their building as permitted by the zoning regulations, and not from a strict enforcement of the regulations. It could not have caused the appellants unnecessary hardship to have reconstructed their building with a frontage of forty feet instead of fifty, and the board did not act illegally or arbitrarily in finding that no hardship would result to the appellants by reason of the strict enforcement of the zoning regulations.

The statute provides that the court, upon an appeal from the decision of the board, "may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes, § 429. The trial court was clearly right in holding that the power of the court to modify or revise the decision appealed from does not include the power to substitute its own discretion for that of the board, and that, before arriving at a judgment either reversing or modifying the decision appealed from, it must find that the board either acted illegally or abused its discretion. *Blake* v. *Board of Appeals*, 117 Conn. 527, 169 Atl. 195. The appellants, having sought relief under the zoning regulations cannot be heard to question their constitutionality. *Chudnov* v. *Board of Appeals*, 113 Conn. 49, 57, 154 Atl. 161.

At the hearing upon the second appeal it was claimed on behalf of the town that the application of the appellants should not be granted since it then appeared that the proposed building could not be

constructed within one year from the date of the destruction of the old building. It is the claim of the appellants that the town was estopped to make this claim by reason of the fact that the building inspector, upon being informed of the appellants' intention to apply for a permit, requested them to await the outcome of a mandamus action then pending, and after the application was filed informed them that it would be necessary to obtain a permit from the state board of harbor commissioners for the driving of the piles upon which a portion of the proposed building was to rest. The trial court correctly held that this action of the building inspector did not estop the town from relying upon the fact that it would be impossible to construct the proposed building within one year of the destruction of the old building. *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401, 402, 167 Atl. 826.

There is no error.

In this opinion the other judges concurred.