PETER TORELLO *v.* THE BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 12—decided November 26, 1940.

*Alfonse C. Fasano,* for the appellant (plaintiff).

*Vincent P. Dooley,* for the appellee (defendant).

ELLS, J. The finding states the following facts: The plaintiff agreed in writing to purchase the premises located at 301 Orchard Street in New Haven, contingent upon the securing of a necessary change in zoning so that they could be used as a mortuary establishment. Application was made to the board of zoning appeals. The Grace Hospital Association appeared and opposed the petition. The board granted it, dependent upon exercise of the permission within six months, and the securing of a permit from the building inspector. Grace Hospital duly appealed to the Superior Court, but did not apply for a restraining order and did not make the plaintiff a party. In reli-

ance upon the permission granted by the board, the plaintiff bought the premises, secured a building permit, and proceeded to spend a substantial sum of money in renovating the building in order to make it suitable for use as a mortuary parlor. He acted in good faith. He did not know of the appeal until after judgment had been rendered sustaining it and holding that permission should not have been granted him. He filed motions to reopen the judgment and to intervene. These were denied, and he did not appeal. On May 18, 1939, he brought another petition to the board for permission to use the premises for mortuary purposes, and based his claims principally upon the foregoing facts. The board denied the petition and the plaintiff appealed. The Superior Court found the issues for the defendant.

The principal claim of the plaintiff is that because no restraining order was issued when the appeal from the original order of the zoning board was taken, he acquired a vested right to proceed under the permission granted and therefore the board could not refuse to grant the second petition. He does not dispute the fact that Grace Hospital had a right of appeal, nor that it pursued it within the time limited by statute, nor that it terminated in a judgment holding that the board should not have granted the petition. Section 6 of an amendment to the charter of the city of New Haven, (19 Special Laws, p. 1009), using the same language as does § 429 of the General Statutes, provides that "The appeal . . . shall not stay proceedings upon the decision appealed from, but the court to which such appeal shall be returnable may, on application, on notice to the board and on cause shown, grant a restraining order." The absolute right of appeal given by the charter is not in any way contingent upon a restraining order. It does not require an appellant to

apply for one; it gives him the right to apply. If such application is made, due cause must be shown, and the court may or may not grant such an order, according to its reasonable and legal discretion. The plaintiff acquired no vested right to act under the permission originally granted by virtue of the fact that no restraining order was obtained.

We are concerned here only with the correctness of the ruling of the board of appeals upon the petition of May 18, 1939. The hearing was de novo. The functions of the Superior Court upon this appeal were limited to a determination whether the board acted arbitrarily or illegally, or so unreasonably as to have abused its discretion. *Blake* v. *Board of Appeals,* 117 Conn. 527, 532, 169 Atl. 195. The court is not permitted to substitute its own discretion for that of the board. *Piccolo* v. *West Haven,* 120 Conn. 449, 455, 181 Atl. 615. The finding states that the board considered the facts we have already stated, and new claims such as that the repairs had improved the appearance of the property. The board "felt that the appellant had suffered financial loss to a large extent and that he would be faced with a further loss upon the denial of the appeal; that the great financial loss of the appellant was not such a practical difficulty and hardship as contemplated by the zoning authorities and decisions of the court." In *Thayer* v. *Board of Appeals,* 114 Conn. 15, 21, 22, 157 Atl. 273, we state the function of boards of appeal and define their powers, and say: " 'Financial considerations alone . . . cannot govern the action of the board. They are bound to take a broader view than the apparent monetary distress of the owner. Otherwise, there would be no occasion for any zoning law.' " There is nothing in the record to indicate that the members of the board were actuated by improper motives in reaching their deci-

sion. They considered the questions of practical difficulty and unnecessary hardship, a finding of which would be a prerequisite to the setting aside of a zoning ordinance in a particular case. They had full knowledge of the background and basis of the petition, and took particular cognizance of the fact that the plaintiff underwent considerable expense in remodeling his premises following the receipt of the written permission after the first petition to the board. In any determination of the question whether there exist situations of practical difficulty or unnecessary hardship justifying the relaxation of zoning regulations, there is necessarily a balancing of the considerations involved in the general public interests and those affecting the individual. The facts of this case do not present a situation where it can be said that the board abused its discretion in holding that the public interests outweighed the loss to the plaintiff.

It is true that the second decision represents a change in the attitude of the board toward the granting of the plaintiff's petition, and a change in decision. We have held that the board is invested with a liberal discretion to decide whether to reverse a former decision, but it is a discretion which is subject to review in the courts, and it must be reasonably and legally exercised, and based upon evidence which fairly sustains the decision. It should not ordinarily be permitted to review its own decisions and revoke action once duly taken. Otherwise there would be no finality to the proceeding, and the result would be subject to change at the whim of members or due to the effect of influence exercised upon them. *Burr* v. *Rago,* 120 Conn. 287, 293, 180 Atl. 444. We there discuss the effect of new facts and new conditions, such as changed conditions in the neighborhood. See also *Rommell* v.

*Walsh,* 127 Conn. 272, 16 Atl. (2d) 483. In the present case, the board had before it an important new fact, the action of the Superior Court in holding that the permission was improperly granted. The finding discloses also that the board had before it a communication from the corporation counsel stating that the decision of the Superior Court was based upon the failure of the board to find practical difficulties or unnecessary hardship prerequisite to the granting of the permission. An accurate statement of the principles of law governing the case followed. The situation is this—permission was granted by the board, and several months later a new petition was filed. The board held a hearing, and found that the Superior Court had decided the permission had been improperly granted because of failure to find the requisite practical difficulties or unnecessary hardship, and concluded, in a new and independent proceeding,—the second hearing —that the financial difficulties of the plaintiff, all of which had arisen since the first hearing, did not outweigh general public interests. It cannot be said that whim or improper influence actuated it. The Superior Court did not err in deciding that the board did not abuse its legal discretion in refusing permission.

The final claim pressed in the plaintiff's brief is that on the petition of May 18th the board did not take a separate vote on each of the many subordinate claims made by the plaintiff. It appears that the requisite number of board members were present and that they voted unanimously to deny the petition. This was an adequate showing of the vote of each member on the particular question of the appellant's appeal. It is true that § 6 of an amendment to the charter of the city of New Haven, 19 Special Laws, p. 1009, provides that the board "shall keep minutes of its proceedings,

showing the vote of each member upon every question. . . ." This manifestly applies only to the ultimate question whether or not the permission sought should be granted. An applicant cannot orally present a score of claims in relation to the question involved and demand that a vote shall be taken on each subsidiary claim.

There is no error.

In this opinion the other judges concurred.