ALDO J. SAPORITI *v.* ZONING BOARD OF APPEALS OF THE TOWN OF MANCHESTER

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued December 5, 1950—decided January 30, 1951

*Arnold M. Schwolsky,* with whom was *John W. Joy,* for the appellant (plaintiff).

*Charles S. House,* town counsel, for the appellee (defendant).

BALDWIN, J.   This is an appeal from a judgment of the Court of Common Pleas which affirmed a decision of the zoning board of appeals of the town of Manchester sustaining an order of the building inspector directing the plaintiff to cease operations upon his property claimed to be in violation of the zoning ordinance. The plaintiff claims that he was operating a retail establishment permitted by the zoning regulations pertaining to a business zone, that his operations were not detrimental to the neighborhood because of noise and vibration, and that the decision of the zoning board of appeals was illegal, arbitrary and in abuse of its discretion.

The plaintiff seeks extensive corrections in the finding, but no material correction can be made. The court upon conflicting evidence found the following facts: The plaintiff came to Manchester in 1945, intending to establish and operate a retail monument store.   He purchased property on Center Street upon which he built an office and salesroom.   In the rear, attached to the building, was another structure in which he installed a compressor for use in lettering

monuments. The land and buildings are located in a business zone. In the course of his business the plaintiff displayed monuments and stone markers. After a monument was sold to a customer, the compressor was utilized to cut the inscription by forcing sand against that part of the face of the stone which was left exposed after a rubber stencil, with the letters of the inscription cut out, had been affixed to the surface. The lettering of each monument required use of the compressor for at least half an hour. Operation of it caused a considerable amount of noise and vibration. Persons residing in a residence zone which adjoined the plaintiff's property complained to the building inspector as enforcement officer under the zoning regulations. As the result of a warning from the inspector, the plaintiff installed a rubber base under the compressor and attached a Maxim silencer. The complaints continued and on September 16, 1947, the building inspector ordered the immediate cessation of the lettering operations because of the noise and vibration. The plaintiff appealed from this order to the zoning board of appeals. The board, after taking evidence, upheld the order of the building inspector. The plaintiff appealed from its decision to the Court of Common Pleas.

There was evidence before the zoning board of appeals that the noise made by the compressor was comparable to that made by a pavement breaker, and following the hearing it was determined by scientific methods that the operation of the compressor increased the noise and vibration in the immediate neighborhood by 3 per cent. At an increased cost, the lettering of the monuments could be done by the plaintiff away from his premises or in the cemetery when the stones were placed. The noise and vibration were distracting and disturbing to the people living in the adjoining "A" residence zone. At the request of the parties, the

court viewed the premises and observed the machinery in operation. It decided that the plaintiff's place of business was a monument works, that the plaintiff was engaged in an industrial use not permitted in a business zone, that the operations were detrimental to the neighborhood because of the noise and vibration, and that the defendant board was justified in upholding the order of the building inspector.

Section 6 of article 2 of the zoning regulations of the town of Manchester contains, among others, the following provisions: "In a business zone, no building or land shall be used and no building shall be erected . . . except for the following uses: . . . 2. Retail shop and personal service establishment; shop for making of articles incidental to conduct of a retail business on the premises. . . ." Specifically excluded from a business zone are: "(k) Stone yard and monument works. (1) . . . any business or service which is detrimental to the neighborhood because of noise, vibration, smoke, dust, odor, fumes or other characteristics."

Section 6 of article 5 of the regulations provides that the board of appeals shall "1. Hear and decide appeals where it is alleged there is error in any order, requirement, or decision made by the Building Inspector in the enforcement of these regulations."

The plaintiff contends that, since there was no specific reference to an "industrial use in a business zone" in the order of the building inspector, the board, in sustaining the order, was in error because it went beyond the terms of the order and thus exceeded its powers. The plaintiff's claim in effect is that the only question before the zoning board of appeals was whether the building inspector was in error in issuing the order for the reasons given and that the board had no power to decide whether there was in fact a violation of the zoning regulations. If we assume, without

deciding, that this claim is correct, a sufficient answer is that under subsection (1) of article 2, § 6, of the regulations the inspector was acting within his powers in ordering the plaintiff to cease operations because of a "disturbance caused by noise and vibration from compressor being used" by him in his building, if in fact there was such a disturbance, for the ordinance specifically excludes from business zones those activities which are detrimental to the neighborhood because of noise and vibration. The zoning board of appeals conducted a hearing at which the plaintiff and several others were heard, and thereafter unanimously voted to sustain the order of the inspector. No reasons for its decision appear in its minutes. The court found, upon the testimony of the five members of the board, that the board's decision was based upon a determination that the plaintiff was conducting a monument works in a business zone, that he was engaged in an industrial use prohibited in such a zone, and that his operations created noise and vibration detrimental to the neighborhood. By agreement of counsel, testimony was offered before and accepted by the court which, coupled with the original transcript of the proceedings before the board, afforded the basis for the judgment dismissing the appeal. Upon this evidence, the court reasonably inferred that at least one of the reasons which motivated the board in sustaining the action of the building inspector was the very reason assigned in the inspector's order as the basis for it.

Zoning boards of appeal are administrative bodies. Proceedings before them are necessarily informal. Unless some statute specifically requires a finding of the facts upon which the board bases its action, such a finding is not a prerequisite to legal action, although a disclosure of the board's reasons in its minutes is highly desirable. *Perdue* v. *Zoning Board of Appeals,*

118 Conn. 174, 178, 171 A. 26; *Stavola* v. *Bulkeley*, 134 Conn. 186, 189, 56 A. 2d 645; *Grady* v. *Katz*, 124 Conn. 525, 530, 1 A. 2d 137. "As we indicated in *Skarzynski* v. *Liquor Control Commission*, 122 Conn. 521, 526 [191 A. 98], in an appeal from an administrative board the propriety of a decision reached by it may be attacked upon the ground that it was not legally warranted by the facts upon which the board acted as they appear in its records, or that the conclusion of the board was one which it could not reasonably reach upon the evidence before it and the matters properly to be considered, or upon the basis of a determination by the court of what the facts really were and the assumption that those were the ones upon which the board acted. *Levine* v. *Zoning Board of Appeals of Meriden*, 124 Conn. 53, 58, 198 Atl. 173." *Grady* v. *Katz*, supra; *DeFelice* v. *Zoning Board of Appeals*, 130 Conn. 156, 157, 32 A. 2d 635; see *Thayer* v. *Board of Appeals*, 114 Conn. 15, 21, 157 A. 273. In the instant case, the court, as it has the right to do under General Statutes, § 844, "if . . . it shall appear . . . that testimony is necessary for the equitable disposition of the appeal," heard the parties with their witnesses in order to decide whether the board acted illegally or arbitrarily or in abuse of its discretion. The parties were at issue as to the quality and amount of noise and vibration and their effect upon the adjoining residents and property owners, and as to whether the plaintiff's establishment and operations constituted a use permissible under the zoning regulations. These were issues of fact. The trial court applied the correct rule of law and its findings and conclusions present no reversible error. *First National Bank & Trust Co.* v. *Zoning Board of Appeals*, 126 Conn. 228, 237, 10 A. 2d 691; *Torello* v. *Board of Zoning Appeals*, 127 Conn. 307, 310, 16 A. 2d 591; *DeFelice* v. *Zoning Board of Appeals*, supra, 164.

There is no error.
In this opinion the other judges concurred.