HENRY HERTZSCH ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BLOOMFIELD ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 4—decided March 20, 1951

*Isador M. Waxman,* with whom was *Leon RisCassi,* for the appellants (plaintiffs).

*Frank R. Odlum,* with whom was *Wallace R. Burke,* for the appellee (defendant Maher).

*Frank Covello,* for the appellee (named defendant).

JENNINGS, J.   The plaintiffs seek to test the propriety of an order passed by the zoning board of appeals of Bloomfield, hereinafter referred to as the board.   The order granted to Philip W. Maher a temporary five-year permit to construct and operate a drive-in theater on an unoccupied tract of land in a "C" residence zone. The plaintiffs are neighboring property owners and include a competing corporation which intends to erect a theater in an adjoining business zone.   The trial court upheld the validity of the temporary permit and the plaintiffs have appealed.   As defined in the brief, the appeal is limited to a claim that the subordinate facts do not support the conclusions of fact and law and to one ruling on evidence.   The finding contains the min-

utes of the meetings of the board and certain additional facts based on evidence taken in court.

The finding describes the property in question in meticulous detail. For the purposes of this opinion it suffices to say that it consists of a large unoccupied and undeveloped tract which adjoins a business zone on the west side of Blue Hills Avenue near the boundary between Hartford and Bloomfield. West of this tract, the land is open, is covered with wood and brush and is marshy in spots. Late in 1948, Maher applied to the town plan and zoning commission for a change of zone from residence C to business to permit the construction of a drive-in theater. This application was denied. Early in 1949, he filed an original application with the zoning board of appeals for a temporary permit to erect the theater. A public hearing thereon was held on March 16, after due notice. On April 13, the following vote was passed in executive session: "VOTED: That a five-year temporary permit be granted to Philip W. Maher to establish a drive-in theater in the rear of property at 885 Blue Hills Avenue under the following stipulations: 1. That the lay-out and plan of such an establishment be approved by the State Police Department. 2. That sufficient policemen be employed, at the theater's expense, to properly police grounds and regulate traffic coincidental with a traffic plan to be approved by the Chief of Police of Bloomfield. 3. That motion picture performances are not to extend beyond 12:00 P. M. 4. That adequate sanitary facilities be provided and properly maintained." The minutes of both meetings are included in the finding and show that the matter received the careful attention of the board. All members inspected the site.

The parties are agreed that the power of the board to grant the temporary permit must be found in those provisions of § 16 of the zoning ordinance which are

printed in the footnote.[1] The plaintiffs claimed in connection with subsection 9 that the area was not in an undeveloped section of the town, and in connection with subsection 12 that the proposed structures were not temporary. These claims presented questions of fact within the province of the trier and do not furnish valid grounds of appeal.

The plaintiffs' claims of law include the usual one that the issuance of the temporary permit constituted an abuse of discretion and was illegal, arbitrary and unreasonable. More specifically, their claims are that the action taken has all the vice of spot zoning and that, in the face of unchanged conditions, the present application is merely a revival of a former one which the town plan and zoning commission had denied. The power of a zoning authority to grant temporary permits has not been brought to our attention before. The ordinance is plain. See *Gish* v. *Exley*, 153 Pa. Super. 653, 657, 34 A. 2d 925. It constitutes a specific grant of power to permit temporarily what is not allowed as a permanent use. The only limitation thereon is that contained in the preamble to the effect that the power shall be exercised only (1) after public notice and hearing, (2) subject to appropriate conditions and

---

[1] "SECTION XVI—BOARD OF APPEALS

"The Board of Appeals may in a specific case after public notice and hearing and subject to appropriate conditions and safeguards determine and vary the application of the regulations herein established in harmony with their general purposes and intent, as follows:

❋      ❋      ❋      ❋      ❋

"9. Grant in an undeveloped section of the town, temporary and conditional permits for not more than five years for structures and uses in contravention of these regulations.

❋      ❋      ❋      ❋      ❋

"12. Grant temporary and conditional permits for a limited length of time for the use of land in any zone for the purpose of public amusement and recreation, including the erection of temporary structures in connection therewith."

safeguards and (3) in harmony with the general purposes and intent of the zoning regulations.

The finding shows that the first two conditions were met. The importance of the third has been stressed in many cases. *Bishop* v. *Board of Zoning Appeals*, 133 Conn. 614, 621, 53 A. 2d 659; *Kamerman* v. *LeRoy*, 133 Conn. 232, 235, 50 A. 2d 175; *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537, 541, 45 A. 2d 828. One of the principal objects of zoning is to see that property is devoted to its most appropriate use. Metzenbaum, Law of Zoning, p. 6. Here was an undeveloped tract which could be used temporarily for public recreation until the trend of the district toward industry, business or residence was definitely established. Facts detailed in the finding but not repeated here because of space limitations indicate that the situation is still fluid. The trial court reasonably could conclude, as it did, that the action of the board was in harmony with the general purpose and intent of the regulations and that therefore it was not spot zoning. Incidentally, the board had no authority to create zones, "spot" or other.

The power to zone was in the town plan and zoning commission. The claim that the granting of the permit was a change of decision is without merit. The earlier decision of the town plan and zoning commission was that circumstances did not require a permanent change of zone. The present decision by the zoning board of appeals was that the property in the unchanged zone might be used temporarily for a purpose ordinarily forbidden. The two are directed to the solution of different problems and rest on distinct and different grounds. The conclusion of the trial court that the board did not act arbitrarily, illegally or in abuse of its discretion was correct.

A real estate expert, called by the plaintiffs, testified

fully as to the effect of the proposed construction on property values. He was then asked, as the last question on direct examination: "Whether or not in your opinion that [Maher] property could be used effectively for the erection of one- and two-family houses?" The question was excluded. The issue of hardship was not in the case and the question was not relevant in any other connection. See *Bishop* v. *Board of Zoning Appeals*, supra, 620. The ruling was correct.

There is no error.

In this opinion the other judges concurred.

