MILTON S. COHEN *v.* BOARD OF APPEALS ON ZONING OF THE CITY OF BRIDGEPORT ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 2, 1952—decided February 3, 1953

*D. H. Cotter,* for the appellant (defendant De-Vellis).

*Otto H. LaMacchia,* for the appellee (plaintiff).

BROWN, C. J. The defendant Virginio DeVellis, owner and operator of a restaurant with a beer permit at 193 North Avenue in Bridgeport, made application to the defendant board for a waiver of a zoning restriction to allow him to operate on these premises under an unlimited package store permit. The restaurant is in a business zone and is within 1500 feet of three establishments having all-liquor restaurant permits and of two others having restaurant beer permits. There is no package store within a radius of 1500 feet. The defendant board granted a waiver of the applicable 1500-foot restriction, and the plaintiff, a resident of Bridgeport, appealed to the Court of Common Pleas, which rendered judgment sustaining the appeal. The defendant DeVellis, hereinafter referred to as the defendant, has appealed to this court.

The trial court heard no testimony. The exhibits offered by the defendant, which included a copy of the city's zoning regulations and a zoning map, the return of the defendant board relating to the application, and photographs of the locus and adjoining premises, constituted the only evidence presented. *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41, 82 A.2d 152. The court's finding, in addition to the facts already recited, contains the pertinent provisions of the zoning regulations. It further states that (1) the board gave no reason for its action in granting the waiver but simply voted in executive session "that the petition be granted, provided the improvements stated to the Board be put into effect, as regards the building," and (2) there was no evidence before the board that the literal enforcement of the regulations would result in exceptional difficulty or unusual hardship. While error is assigned in both of these findings, neither is subject to correction. The first accurately states the action of the board as recorded in its minutes, and no other action or expression by the board or any of its members concerning the granting of this waiver appears therein. Examination of the exhibits, and particularly of that containing the record of the hearing before the board, shows that the second statement is also correct. The record of the hearing does contain certain claims by counsel for the defendant applicant bearing upon potential financial detriment to him. It also includes statements by counsel concerning proposed structural changes in the building and referring to petitions of people in the vicinity in favor of the application. Neither the claims of counsel nor the unsworn expressions favoring the defendant's request were to the effect that literal enforcement of the regulation would result in exceptional difficulty or unusual

hardship. The finding is not subject to correction.

The foregoing discussion is made necessary because of the form of the record presented to us. See Maltbie, Conn. App. Proc. § 22. Since it is apparent, however, that this appeal was tried in the Court of Common Pleas on the proceedings before the board of appeals, no finding was necessary. *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 557, 53 A.2d 655; *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1. Section 160b of the 1951 Cumulative Supplement to the General Statutes provides, in connection with appeals from zoning boards of appeal to the Court of Common Pleas: "Said board shall be required to return either the original papers acted upon by it, and constituting the record of the case appealed from, or certified copies thereof. The court, upon such appeal, shall review the proceedings of said board and, if, upon the hearing upon such appeal, it shall appear to the court that testimony is necessary for the equitable disposition of the appeal, it may take evidence or appoint a referee or committee to take [evidence and submit its report as specified,] which report shall constitute a part of the proceedings upon which the determination of the court shall be made." While the reference in the first sentence quoted to "the record" is not as specific as it might be, the legislative intent is sufficiently clear as expressed by the two sentences together. It is to require the board to file in the trial court all of the record which is necessary to enable it to pass upon the propriety of the board's action. This means that the board must return forthwith to the trial court, upon any appeal from its decision, either the original or a certified copy of the petition or application upon which it has acted, its minutes of the proceedings before it

and of its executive action taken thereon, a transcript of the proceedings if a stenographic record was made, all exhibits considered by it, and, since the court cannot take judicial notice thereof, a copy of the relevant and material zoning regulations. If additional evidence is necessary and the court so finds under § 160b, it can be introduced under the limitations laid down in *Hoffman* v. *Kelly,* 138 Conn. 614, 618, 88 A.2d 382. See also *Grady* v. *Katz,* 124 Conn. 525, 530, 1 A.2d 137. On this record the court would determine the usual issue, whether the board acted arbitrarily, illegally and in abuse of its discretion.

The pertinent sections of the zoning regulations in the case at bar are three in all. In so far as applicable, these provide in substance as follows: No premises shall be used "for the sale of alcoholic liquor under any tavern, restaurant or all-alcoholic liquor package store permit" within 1500 feet of any other premises "used for the sale of alcoholic liquor under any tavern, restaurant, druggist or all-alcoholic liquor package store permit." Bridgeport Zoning Regs. (Rev. 1949) c. 14, § 2. No premises within such 1500-foot area "used for the sale of alcoholic liquor under any tavern permit or under any limited restaurant or package store permit . . . shall be used for the sale of alcoholic liquor under any restaurant or package store permit which authorizes the sale of additional kinds of alcoholic liquor." Id., c. 14, § 3. The zoning board of appeals, after notice and hearing as specified, shall have the powers and duties, to "be exercised in harmony with the general purposes of these regulations . . . and with their general intent and subject to such conditions" as it determines the public interest requires, to "determine and vary the application of these regu-

lations with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated a literal enforcement of these regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." Id., c. 18, § 2 (m).

The court's conclusions are comprehended in two principal propositions. The first of itself, if sustained, warrants the court's judgment. This conclusion was that, in granting the waiver, the board acted arbitrarily, illegally and in abuse of its discretion, since there was nothing before the board to show that a literal enforcement of the regulations would result in exceptional difficulty or unusual hardship. As we have repeatedly held, the granting of a variance under the zoning law involves "an exceptional power which should be sparingly exercised and can be validly used only when a situation falls fully within the specified conditions. *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 Atl. 273; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 Atl. (2d) 137." *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 540, 45 A.2d 828. To justify the board's exercise of the power in this case, it was essential that the literal enforcement of the 1500-foot regulation "would result in exceptional difficulty or unusual hardship" for the defendant. The burden rested upon him to prove this. *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 282, 27 A.2d 389. The only hardship suggested to the board by the defendant's counsel at the hearing was financial. In the *Benson* case, where, as here, the petitioner sought a variance to

permit the operation of his premises under a full liquor permit instead of one for the sale of beer only, we said (p. 283), quoting from *Thayer* v. *Board of Appeals,* supra, 22: "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." The record conclusively establishes that there was no financial detriment involved in the instant case, however. Under the circumstances, there is no need to discuss the court's further supporting conclusions that the board's decision was contrary to the specific intent and provisions of the zoning law relative to the alcoholic liquor regulations and that its action was not in harmony with the zoning regulations and would substantially affect the comprehensive zoning plan of the city. See *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 121, 90 A.2d 647.

There is no error.

In this opinion the other judges concurred.