[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Roy Delmonte appeals a decision of the defendant Zoning Board of Appeals (ZBA) denying his application for a variance. The ZBA acted under the authority of General Statutes § 8-6. The plaintiff brings this appeal pursuant to General Statutes § 8-8(b). The court finds the issues in favor of the defendant.
The following facts are reflected in the record before this court. The plaintiff is the owner of lot 2-4 which is located on Hawthorne Terrace in Westport. This parcel consists of 1.95 acres CT Page 6778 and is currently undeveloped.
The plaintiff's wife, Helen Delmonte, is the record owner of lot 2-3, also known as 6 Hawthorne Terrace in Westport. This second parcel consists of 1 acre and is developed with a single family residence.
On February 5, 1993, the plaintiff filed an application with the defendant to vary the application of §§ 6-4 and 11-3 of the Westport Zoning Regulations. Section 6-4 governs the alteration of nonconforming lots. Section 11-3 regulates lot area and shape. The purpose of the application was to reconfigure the lot lines between lot 2-3 and lot 2-4 in order to permit the construction of a single family residence on lot 2-4. As configured, lot 2-4 did not meet the requirements of § 11-3 because it failed to have a minimum area of 2 acres and failed to consist of such shape that a square of 200 feet on each side would fit on the lot.
The defendant held a public hearing on the plaintiff's application on April 27, 1993 and June 22, 1993. The defendant voted on June 22, 1993 to deny the plaintiff's application for a variance. In a written decision dated June 28, 1993, the defendant stated that: "This variance was denied because the board felt the only hardship was a financial one. The lot was purchased as a single lot. The lots merged because of wetlands. The lots do not meet the lot shape standard. Both conservation and engineering reports were negative. Insufficient hardship was proven to justify the grant of the requested variances."
The plaintiff filed the instant appeal pursuant to General Statutes § 8-8(b). Section 8-8(b) requires that the person taking an appeal be aggrieved by the agency decision. At the hearing on aggrievement before this court on May 11, 1994, the plaintiff submitted the original quitclaim deeds showing ownership of lot 2-4
by the plaintiff and ownership of lot 2-3 by Helen Delmonte, the plaintiff's wife. The plaintiff further testified that his wife died approximately one year ago and he is the sole beneficiary of her estate.
The owner of the property which is the subject matter of the application to the agency is aggrieved. Huck v. Inland Wetlandsand Watercourses Agency, 203 Conn. 525, 530 (1987); Bossert v.Norwalk, 157 Conn. 279, 285 (1968). The plaintiff is the record owner of parcel 2-4, and became the owner of 2-3 upon the death of his wife. "In case or the death of the owner, title to real estate CT Page 6779 at once passes to his heirs subject to the right of administration." Pollard v. Zoning Board of Appeals, 186 Conn. 32,42 (1982). Therefore, this court finds the plaintiff aggrieved within the meaning of the General Statutes § 8-8(b).
The plaintiff claims that the defendant's decision to deny his application for a variance is arbitrary capricious and an abuse of discretion and unsupported by the evidence in the record.
It is well settled law in Connecticut that the decisions of zoning authorities are given considerable deference and they should be overturned by a court only when it is found that they have not acted fairly, with proper motive and upon valid reason. McMahon v.Board of Zoning Appeals, 140 Conn. 433, 438 (1953). "Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority." Id., quotingKutcher v. Town Planning Commission, 138 Conn. 705, 710 (1952).
A court in considering an appeal of a decision by zoning board of appeals is not allowed to undertake a trial de novo or substitute its findings and conclusions for those of the board.Verney v. Planning and Zoning Board of Appeals, 151 Conn. 578,580 (1964). The question before the court is whether the decision of the ZBA is reasonably supported by the evidence in the record and not arbitrary or illegal. Bora v. Zoning Board of Appeals,161 Conn. 297, 299-300 (1971).
The plaintiff asserts that the defendant ZBA's decision was arbitrary because it had previously approved an application which was virtually identical to the plaintiff's application. The plaintiff specifically points to the defendant's approval in November 1989 of a variance to reconfigure lot lines at 84 Bayberry Lane, Westport.
The granting of a variance by the defendant ZBA for another piece of property, whether identical or not, cannot serve as the basis for this court overturning the denial of a variance by the ZBA in this case. The plaintiff's precise claim has been rejected by the Connecticut Appellate Court. In Haines v. Zoning Board ofAppeals, 26 Conn. App. 187 (1991), the Connecticut Appellate Court reversed the trial court's sustaining an appeal from the Zoning Board of Appeals' decision to deny a variance where the trial court's decision was based on the fact that a "virtually identical" variance was granted by the ZBA to a neighbor. The Appellate Court CT Page 6780 ruled that each case must be decided on its own merits. See alsoHighland Park, Inc. v. Zoning Board of Appeals, 155 Conn. 40,43 (1967).
The plaintiff also claims that not one of the five reasons given by the ZBA for denying his request for a variance is supported by the record.
The plaintiff concedes that each of the reasons stated by the ZBA in support of its decision does not have to be found valid by this court. Plaintiff's Brief, p. 6. The ZBA's decision must be upheld if simply one of its reasons is sufficient to support the denial of the variance. Goldberg v. Zoning Commission, 173 Conn. 23,26 (1977); Green v. Zoning Board of Appeals, 4 Conn. App. 500,502 (1985). The question for this court is whether any of the reasons given by the ZBA are supported by the record and provide a basis for rejecting the plaintiff's application for a variance.Chevron Oil Company v. Zoning Board of Appeals, 170 Conn. 146,152-153 (1976).
One of the reasons cited by the defendant ZBA for denying the plaintiff's request for a variance was that "insufficient hardship was proven to justify the grant of the requested variances." The record supports the defendant's conclusion.
A review of additional facts found in the record is necessary for a proper resolution of this issue. The two lots at issue here, lot 2-3 and lot 2-4, were originally part of a piece of property that was subdivided into eight lots of approximately 1 acre each on July 1, 1954. In May of 1955, the subject property was rezoned from a 1 acre minimum to a 2 acre minimum. In December, 1958, Westfield Realty Corporation, the then owner of the subdivision, applied for a variance from the ZBA to vary the two acre lot size requirement for six of the eight lots, including lots 2-3 and 2-4. Prior to ZBA action on the variance application, Westfield Realty Corporation withdrew the request for lots 2-3 and 2-4. The reason for the withdrawal, according to the record on the instant application, is that lots 2-3 and 2-4 should be sold together because of the topography of the land. ROR, Item 66, Exhibit J. The ZBA subsequently approved a variance for the other four lots of the subdivision.
On September 9, 1977, the plaintiff purchased lot 2-4 for $2,000.00 and his wife purchased lot 2-3 for $133,000.00. On or about October 1978, the plaintiff and his wife applied for a CT Page 6781 variance from the ZBA to allow the property to be "re-divided" back to two lots. The ZBA denied the application on November 21, 1978.
The plaintiff and his wife filed an appeal of the ZBA's denial with the Superior Court. On August 10, 1981, the court, Tierney, J., sustained the plaintiff's appeal. The court ordered the ZBA to grant the plaintiff's and his wife's application for a variance and allow them to designate the property as two lots. On February 5, 1982, the ZBA complied with the court's decision by adopting Zoning Resolution #3003 which recognized the two lots.
General Statutes § 8-6 authorizes a zoning board of appeals to grant a variance from zoning regulations in situations where literal enforcement of the zoning regulations "would result in exceptional difficulty or unusual hardship. " Proof of the existence of hardship is a condition precedent to the granting of a variance by a ZBA. Nash v. Zoning Board of Appeals,165 Conn. 576, 577 (1973). See also Smith v. Zoning Board ofAppeals, 174 Conn. 323 (1978).
The burden is on the applicant to prove hardship. Carini v.Zoning Board of Appeals, 164 Conn. 169, 172 (1972). The hardship established by a party seeking a variance must be a legally cognizable hardship. Kelley v. Zoning Board of Appeals,21 Conn. App. 594, 595 (1990).
A number of circumstances, while hardships in the conventional sense, do not rise to a level justifying the granting of a variance. An applicant's financial loss or potential financial gain are not the proper basis for a variance. Carlson v. ZoningBoard of Appeals, 158 Conn. 86, 89 (1969). Hardship that is self-created will also not warrant a variance. "Similarly, it is also well established that self-inflicted hardship which arises because of individual actions by the applicant will not provide a zoning board of appeals with sufficient reason to grant a variance."Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239
(1972).
In this case, the hardship claimed by the plaintiff arose because of his actions. It was, therefore, self-created and cannot serve as the basis for a variance.
The two lots in question fail to conform to the regulations of the Westport Zoning Regulations because of actions taken by the plaintiff. Prior to the plaintiff's ownership of the property, the CT Page 6782 two lots had merged. Merger occurs in Westport by regulation when there are two adjoining lots owned by the same party at least one of which is undeveloped and nonconforming. See Westport Zoning Regulations § 6-3.2.[1] Lots 2-3 and 2-4 were adjoining lots. Lot 2-3
was undeveloped and failed to meet the zoning requirements for lot area. Lot 2-3 and Lot 2-4 were held in common ownership by Westfield Realty Corporation subsequent to March 24, 1956. The two lots were also held in common ownership by Kershner Construction Company as of March 11, 1965. ROR, Item 69, Exhibit 3. The lots continued in common ownership until conveyed separately to the plaintiff and his wife on September 9, 1977.
Pursuant to Section 6-3.2 of the Westport Zoning Regulations, the two lots, because of their common ownership, merged and could no longer be considered legally existing as separate lots and must be combined and used in compliance with the present lot area and lot shape regulations irrespective of subsequent changes in ownership . . ." Westport Zoning Regulations Section 6-3.2. Through merger, the two lots combined met the two acre minimum.
It was the voluntary actions of plaintiff, together with his wife, which changed the status of the property and caused the current situation. First, the plaintiff and his wife bought the parcels separately in September, 1977. Then, in October 1977, they applied for a variance with the ZBA to divide the property into two lots. That variance was ultimately granted by the ZBA after the Superior Court sustained the plaintiff's appeal of the ZBA's initial denial.[2]
The current application for a variance from the lot area and lot shape requirements would not have been necessary were it not for the actions of the plaintiff in purchasing lot 2-3 separately and obtaining a variance from the ZBA recognizing lot 2-3 and lot2-4 as separate lots. The hardship confronted by the plaintiff in not being able to build on lot 2-3 is entirely self-created. The desire to subdivide one's property into two lots is a self-created hardship and not sufficient to justify the granting of a variance.Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 206
(1989).
The conveyance of the property to the plaintiff in 1977 and the division of the property into two lots through the plaintiff's successful application for a variance in 1982 occurred well after the enactment of the Westport Zoning Regulations in 1954. "Both the division of the tract and the eventual conveyance of the lot in CT Page 6783 question to the plaintiffs, however, occurred years after the enactment of the zoning regulations, and the board could properly give consideration to these facts." Belknap v. Zoning Board ofAppeals, 155 Conn. 380, 384 (1967).
It was not the enactment of zoning regulations, but the actions of the plaintiff which have caused his hardship. "We have repeatedly held that the hardship that justifies a board of appeals in granting a variance must be one which originates in the zoning ordinance. When the claimed hardship arises because of the actions of the applicant, the board is without power to grant a variance."Booe v. Zoning Board of Appeals, 151 Conn. 681, 683
(1964).
In this case, the plaintiff knew or should have known that lots 2-3 and 2-4 did not conform to the lot area and lot shape requirements of the Westport Zoning Regulations. Nevertheless, the plaintiff and his wife voluntarily bought the property separately and obtained a variance to have them recognized as separate lots. "Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance; and arises directly out of the application out of the ordinance to circumstances or conditions beyond the control of the party involved. Self-inflicted or self-created hardship is never considered proper grounds for a variance." (Citations omitted).Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39-40
(1982).
Moreover, the plaintiff is now the sole owner of both lots as a result of the death of his wife. See pp. 2-3, supra. The properties have once again merged pursuant to Westport Zoning Regulation 6-3.2. See p. 8, supra. While the Westport Zoning regulations prevent lot 2-4 from being developed with a single family residence as the plaintiff desires, it can be used as a side yard for his adjoining property. Such a use would be reasonable and would enhance the price the plaintiff would receive for the property as a whole were he to sell it. See Grillo v. Zoning Boardof Appeals, 206 Conn. 362, 370 (1988).
The defendant ZBA's decision to deny the plaintiff's request, for a variance finds substantial support in the record in this case. Accordingly, the plaintiff's appeal is dismissed. CT Page 6784
ALANDER, J.