HENRY A. ALLEN, PROSECUTOR, v. CITY OF PATERSON
ET AL., DEFENDANTS.

Argued May 19, 1923—Decided July 9, 1923.

1. The provisions of chapter 82 of the laws of 1921 (*Pamph. L., p.* 132) granting to municipalities the right to pass zoning ordinances, also gives to the administrative body to be appointed by the ordinance the right to vary or modify the provisions of the ordinance where its strict enforcement would work hardship or injustice to property owners.
2. A zoning ordinance of a municipality enacted in pursuance of chapter 82 of the laws of 1921 (*Pamph. L., p.* 132), which grants to an administrative body of the municipality the right to vary any requirement of the ordinance in harmony with the general purpose of such ordinance, authorizes such modification by resolution.

On *certiorari.*

For the prosecutor, *Randal B. Lewis.*

For the defendants, *Rosenkrans & Rosenkrans.*

Argued by consent before

MINTURN, J.   The writ removes the resolution of the Board of Zoning Appeals of Paterson, granting permission to Harry J. Breen, to erect a private garage upon his lot, adjoining his residence on Graham avenue, in that city, which garage is now in process of erection.

Under the main provisions of the zoning ordinance it is obvious that Mr. Breen could not legally erect the proposed garage. The prosecutor and other neighbors enjoy the privilege of owning garages upon their plots, which structures were erected before the zoning ordinance became effective; but to erect the Breen garage within the terms of the zoning ordinance, and the legislation authorizing the resolution, it became necessary for the Board of Zoning Appeals to modify

the requirements of the zoning ordinance, and that action was taken by the resolution in question.

The legal inquiry thus presented is whether the board possessed the power to make the modifications. The zoning ordinance provides *inter alia* (section 17, subdivision 7) that the board shall have power "to vary any requirements of this ordinance in harmony with the general purpose and intent, so that substantial justice may be done." Chapter 82 of the laws of 1921 provides that "the jurisdiction of the Board of Appeals shall be defined in such ordinance. But in no case shall the authority rested in such board extend beyond varying or modifying the provisions of said ordinance where the enforcement of the strict letter would work unnecessary hardship or injustice to property owners." The power to pass the modification of the zoning ordinance was thus apparently conceded by the legislature, and this power in the absence of direct legislation may be exercised by resolution, by the ministerial or administrative body to which the power was confided by the local law making body. *Harcourt* v. *Asbury Park*, 62 *N. J. L.* 158.

This concession of power in the Board of Public Works necessarily reposed in them or their ministerial subordinates a discretion which they might exercise in the interests of justice and fair play to property owners, who by reason of previously acquired locations, or the peculiarity of their situations, might be deprived under the general prohibition of the ordinance of the absolute right of a property owner to employ his property for such uses as might not be inconsistent with the public rights, and not incompatible with the proper and legal enforcement of the letter and spirit of the ordinance. Any other construction of the act, and the ordinance apparently in the legislative view would be tantamount to the deprivation of the property rights of the citizen without due process of law. The application of the strict provisions of the zoning ordinance to Breen's situation would require him to build the proposed garage over fourteen feet from the highway, a requirement which under the testimony in his case would be tantamount to the denial of the right

FEBRUARY TERM, 1923. 663

of building any garage, owing to the limitations of his lot. The modification of the board enables him to construct the garage seven and one-half feet from the highway. This action of the board is objected to in effect by the prosecutor upon the theory that it is *ultra vires,* but manifestly the conferring of the power by legislation and the exercise of the power under the provisions of the ordinance are matters vested in the municipal law-making body, in its discretion, as local exigencies and justice may require. Such an exercise of discretion, legally conferred, cannot be interfered with or controlled by the courts, by *certiorari* or *mandamus,* so long as the elements of unreasonableness, fraud or malafides do not enter into it and render it void. *St. Louis* v. *Zebley,* 110 *U. S.* 321; *McGovern* v. *Trenton,* 57 *N. J. L.* 580; *Cape May Railway Co.* v. *Cape May,* 35 *N. J. Eq.* 419; 1 *Abb. Mun. Corp.* 194.

The situation here presented involves no such invalidating elements, and the action of the board under review will therefore be affirmed.