REALTY SECURITY CORPORATION, RELATOR, v. CITY OF EAST ORANGE AND JOHN G. SCOTT, BUILDING IN-SPECTOR, DEFENDANTS.

Submitted May 14, 1926—Decided September 30, 1926.

**Zoning—Apartment-house in One-family Restricted Territory— Alleged That Narrow Street and the Necessary Parking of Motor Vehicles Would Make Traveling Dangerous—Case Followed Pinelot Co. v. East Orange, and Writ Allowed.**

On rule to show cause why *mandamus* should not issue requiring the issuance of a building permit.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Egan & Armstrong.*

For the defendants, *Walter C. Ellis.*

PER CURIAM.

The premises of relator, on which it seeks to build an apartment-house, are situated in East Orange on the easterly side of Prospect street, one of the important north and south arteries of traffic, and about two hundred and twenty-five feet south of Park avenue. This land is zoned by the ordinance for "small volume residence," *i. e.*, single-family detached houses. The existing physical situation in the vicinity is fairly well shown in the stipulation of facts:

"9. That Prospect street is built up with one-family residences, excepting at the corner of Park avenue and Prospect street, where an apartment-house is built, which said apartment-house is about one hundred [100] feet distant from the herein-described land. That besides one-family residences and apartment-houses hereinbefore stated, there are built upon the said Prospect street, one thousand feet southerly, one church or temple, and one building used for club purposes. That Prospect street is a main artery for traffic running north and south.

"10. That Park avenue, East Orange, is a distance of one short block, or about two hundred and twenty-five [225] feet from the land whereon relator seeks to erect the apartment building in question, and is mainly a residence street, the buildings thereon containing stores and apartments, and the said Melmore Gardens is not yet fully laid out, but is a new street, which has been recently dedicated, and is about to be improved."

The argument for the proposition that the ordinance as applied to this case is not unreasonable, as we take it from respondent's brief, is "* * * that to permit the erection of apartment buildings on a narrow street, in front of which business cars will of necessity have to be parked, will create a condition such as will greatly increase the now perplexing problem of traffic regulation. The roadway of Prospect street is but thirty feet in width."

A similar argument was made, and overruled by this court, in the case of *Pinelot Co.* v. *East Orange*, 4 *N. J. Mis. R.*

341, where the lands were in a similar situation, just south of Park avenue on the east side of Harrison street, another artery of traffic, and relator wished to build stores in a zone of "large volume residence." The argument has no more force in this case than in the other. Carried to its logical conclusion, the heavier the traffic the more rigid should be the zoning restriction.

The case seems clearly one for the allowance of a peremptory writ. Such will be the order.