## PROGRESS HOLDING COMPANY, PROSECUTOR, v. BOARD OF ADJUSTMENT OF EAST ORANGE, DEFENDANT.

Argued April 24, 1937—Decided May 3, 1937.

Before Justice PARKER, at chambers.

For the prosecutor, *Lionel P. Kristeller* (*Saul J. Zucker,* on the brief).

For the defendant, *Walter C. Ellis.*

PARKER, J.   The meritorious question in this case is whether under the circumstances of the case the literal enforcement of the East Orange zoning ordinance is reasonable.   With the consent of counsel, I went and looked at the property in question and its surroundings immediately after the argument, having found that an examination on the ground is often worth more than a great deal of typewritten testimony.

The premises in question, known as lot 18 B in block 691, consist of a building lot seventy-nine feet front on the east side of Harrison street and one hundred feet deep.   The northerly line of this property is slightly over a hundred feet south of the southerly line of McKinley avenue, which last is a main highway adjoining on the south the elevated right of way of the Lackawanna railroad directly at the Brick Church station.   All the frontage on McKinley avenue, both on this block and on the block adjoining to the west, as well as the neighborhood north of the railroad, is zoned for business. Beginning at Evergreen Place, which is the next street east of Harrison street, and running westward, the McKinley avenue frontage is occupied by garages, gasoline stations and commercial uses as far as the rear line of the lot now in question produced to McKinley avenue;   and one of the garages adjoins the entire rear of that lot, running back from McKinley avenue one hundred and eighty feet to a rear line, which is an extension of the south line of the lot in question and the rear line of all the McKinley properties east of it. The remainder of the McKinley avenue frontage on the southeast corner of McKinley avenue and Harrison street is occupied by a group of stores built up to the street line on both thoroughfares.   Adjoining the premises on the south there is a detached house formerly residential, but now used as a tea-room, and immediately south of it another similar house

used as a funeral parlor. It will be seen, therefore, that lot 18 B is enclosed on three sides by business properties and that the fourth side fronts on Harrison street. There are two houses opposite to it, both of minor importance. To the south on both sides of Harrison street are apartments.

The prosecutor desires to build stores on the seventy-nine foot frontage on Harrison street and the zoning authorities have refused consent. At the argument, in response to an inquiry as to what the prosecutor would be allowed to build, the answer was that it should be an apartment house. It is obvious at a glance when inspection is made on the ground, and indeed from the map, that an apartment house on a lot only one hundred feet deep bounded on the north by stores, on the east by a garage, and on the south by a tea-room, would have a very small chance of securing enough tenants to pay the taxes. As I recollect what was said on the argument, the lands in question are claimed not to "abut" on the business zone, because of being separated therefrom by an interval of some three or four feet, part of the corner lot not built upon; and that for this reason paragraphs 2 and 3 of section 9 of the statute of 1928 (*Pamph. L.,* at *p.* 701) are inapplicable. The fact appears to be that the group of stores on the southeast corner of McKinley avenue and Harrison street extends one hundred feet from McKinley avenue, but the property line is about one hundred and four feet south of that line. Hence it is argued that because lot 18 B does not "abut" the one hundred foot line prescribed in the zoning ordinance, paragraph 2 is inapplicable. Apparently the garage at the rear of prosecutor's property, which extends back one hundred and eighty feet from McKinley avenue not only covers the one hundred feet zoned for business, but like its neighbors to the east extends eighty feet farther back as a necessary exception to the zoning. From a practical standpoint, therefore, the rear zoning line for business is one hundred and eighty feet back of McKinley avenue all the way from Harrison street to Evergreen Place, and built upon as such, with the exception of the lot under consideration. To sum up, lot 18 B is the only remaining plot in

the territory north of the one hundred and eighty foot line which is not devoted to business uses.

I conclude that the prosecutor has shown every reasonable cause for having its property placed on the same basis as all these surrounding properties, namely, to be devoted to business uses, and that if the adverse decision of the municipal authorities were to prevail, it would result in an unreasonable, and to my mind, entirely unnecessary and wrongful taking of private property from the prosecutor without any corresponding benefit to the public, and in passing, it is worthy of note that this very property was before the Supreme Court in 1925 in a *mandamus* proceeding looking toward the erection of stores thereon, and that the court awarded a peremptory *mandamus*. *Pinelot Co.* v. *East Orange,* 4 *N. J. Mis. R.* 341; 132 *Atl. Rep.* 513. I sat in that case; but have no information as to why the relators in that suit failed to proceed with their scheme of building stores thereon, mentioned in the report of the case.

I conclude that the merits of the case are all with the prosecutor, and make little or nothing of the argument that the alleged congestion of traffic in this locality should stand in the way of a commercial use of a property in a commercial neighborhood, which in fact is now, and for some years has been actually subjected to a commercial use, viz., as a parking place for motor cars. In fact this argument was condemned in the Pinelot case and also in *Realty Security Co.* v. *East Orange,* 4 *N. J. Mis. R.* 812; 134 *Atl. Rep.* 551.

A technical objection is made to the prosecutor's claim, and it is this; the southerly line of the business zone is parallel with McKinley avenue, and one hundred feet therefrom. The stores on the corner of McKinley avenue and Harrison street extend one hundred feet along the latter, but the south line of the corner plot is, as stated above, about one hundred and four feet back from McKinley avenue, leaving a vacancy of about four feet in the large volume residence zone before prosecutor's lot is reached. Hence it is argued, and the argument seems technically sound, that prosecutor's lot does not "abut" a business zone, and is consequently not

within the purview of subsections 2 and 3 of section 9 of the act of 1928. *Pamph. L., p.* 701. Logically the argument would be just as sound if the gap were half an inch. Following the logic to its conclusion, the board of adjustment is without the statutory power itself to make an exception of this property; but under subsection 4, page 702, it has the power to recommend an exception to the governing body for its action, and such power it should exercise favorably to the prosecutor. When the legal right is settled, resort may be had to *mandamus;* but under the established practice, the right should be settled by *certiorari,* as in the present case. *Chancellor Development Co.* v. *Senior,* 4 *N. J. Mis. R.* 633; *Paramount Development Co.* v. *Schmitt,* 5 *Id.* 177; *Bilt-Wel Co.* v. *Dowling, Ibid.* 180; *Marlyn Realty Co.* v. *West Orange, Ibid.* 342.

The ruling of the board of adjustment affirming the refusal of the building inspector will be set aside, with costs.