JOHN B. BIANCHI, PROSECUTOR, v. FLORENCE R. MOREY, CLERK OF THE TOWN OF BELLEVILLE, COUNTY OF ESSEX AND STATE OF NEW JERSEY, AND THE BOARD OF COMMISSIONERS OF THE TOWN OF BELLEVILLE, COUNTY OF ESSEX AND STATE OF NEW JERSEY, RESPONDENTS.

Argued January 20, 1942—Decided February 21, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the prosecutor, *Simon L. Fisch* and *Paul Lustbader*.

For the respondents, *Lawrence E. Keenan*.

The opinion of the court was delivered by

CASE, J. According to the return (and particularly the resolution of the Board of Adjustment adopted June 26th, 1941, and therein contained) to the writ of *certiorari* the prosecutor made application to the building inspector of the Town of Belleville for a permit to erect a gasoline station on lots owned by him and designated as Nos. 20, 23 and 25, Block 595, on the town tax map; the inspector refused to issue the permit for the reason that the premises were not in a zone where the erection of gasoline stations was permitted;

the owner appealed to the Board of Adjustment which held a public hearing at which sworn testimony was taken on behalf of the applicant and of the opponents; the Board of Adjustment found that a denial of the permit would work an unnecessary hardship upon the applicant, that the contemplated use was particularly suitable to the property in question, would not be contrary to the public interest, would not materially increase traffic, fire, panic or other hazards, would not be injurious to the health, morals or general welfare and would observe the general spirit of the ordinance and accomplish substantial justice; the board accordingly recommended a variance to the Board of Commissioners; and the Board of Commissioners, having considered the recommendation, decided adversely thereon. The recommendation of the Board of Adjustment to the Board of Commissioners was within the authority of *R. S.* 40:55-39 subdivisions (c) and (d). Following the allowance of the writ depositions were taken on behalf of the prosecutor and of the respondents, respectively.

The property is in the neighborhood zoned against gasoline stations and is not within 150 feet of a zone where such use is permitted by the terms of the zoning ordinance. The immediate locality has been the subject of prior litigation decided adversely to the enforcement of the zoning restrictions. *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; *Bianchi* v. *Morey,* 124 *Id.* 258. The lands in suit are situated at the southwest corner of Belleville Avenue and Smallwood (formerly Pleasant) Avenue immediately adjacent to the lumber yard of the Bloomfield Lumber Co. (formerly Durkin Lumber Co., *supra*). Except for the present inclusion of a small lot immediately at the street corner the lands are the same as constituted the subject of the litigation in *Bianchi* v. *Morey, supra*. Such changes as have occurred since the decisions in the cited cases weigh against rather than in favor of neighborhood restrictions. A reading of those cases will present local conditions with reasonable accuracy. It may be further noted that a night club, formerly operated on the opposite side of the street, has been closed, that Belleville Avenue is traversed by 38,000 cars during a twenty-four

hour day, that the lumber company operates a noisy saw mill a short distance from the division fence, that, by stipulation, Bianchi's property is not suitable for one-family houses, and that a gasoline station is operated on the Belleville Avenue frontage immediately adjacent to the west line of the lumber yard.

Respondents contend that the Durkin Lumber Company case is not in point for the reason that the use was there sustained as a pre-existing non-conformance against which the ordinance could not prevail; and that is true. But the uses which, by whatever authority, exist in a neighborhood constitute a condition which must be considered in determining what inhibitions may be justly imposed against other properties within the neighborhood. If a property restricted to residence use is in the immediate neighborhood of a railroad, a lumber yard, a saw mill, a greenhouse, manure heaps with attendant odors, gasoline stations and huge signs it is of small comfort to the owner that those other uses, so hurtful to his property, are there because they are non-conforming or are across the municipal line or are otherwise legally permitted. The conditions which exist on a part of a restricted street may serve to call for an exception as to that part. *Dorsey Motors, Inc.,* v. *Davis,* 13 *N. J. Mis. R.* 620. Uses within the neighborhood should be weighed, even though an intervening municipal line sets them off into another borough. *Gabrielson* v. *Glen Ridge,* 13 *Id.* 142.

Each case stands on its own facts. Our study of the proofs brings us to the conclusion that the ordinance prohibition against the proposed use at the described location is, because of the special conditions, not within the supporting authority of the statute and if enforced would result in an unnecessary hardship; and that the zoning ordinance presents no bar to the issue of the inspector's permit.

But there is a further town ordinance relating to motor vehicle service stations which, as we understand, is intended to be entirely distinct from the zoning of property uses and to apply to proposed automobile service stations in any zone. It provides that "no building or premises shall be used, and no building shall be erected which is arranged, intended

222 

or designed to be used as a motor vehicle service station unless permission is first obtained from the Board of Commissioners of the Town of Belleville." The prosecutor has not, so far as the record discloses, made application under that ordinance and, perhaps more in point, has not argued the question although respondents' brief presents it at length. We are not disposed to hold, without argument and as a matter of course, that there are not such incidents to the maintenance and operation of motor vehicle service stations as make them *sui generis* and the proper subject, in the interest of the general welfare, of special municipal supervision, control and limitation. *Cf. Morgan* v. *Collingswood,* 104 *N. J. L.* 13; *Atlantic Refining Co.* v. *Haddon Township,* 125 *Id.* 202. All questions as to this ordinance, including its validity and its application to and effect upon the proposed use, are reserved.

Costs are not allowed to either side.