ADOLPH HANN, PROSECUTOR, v. BOROUGH OF SEA GIRT, A MUNICIPAL CORPORATION, DEFENDANT.

Argued January 15, 1946.   Decided February 27, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the prosecutor, *Ward Kremer* and *Paul R. Cranmer*.

For the defendant, *Proctor & Nary* (*Haydn Proctor*).

The opinion of the court was delivered by

CASE, J.   The action under review is a resolution of the mayor and council of the Borough of Sea Girt rejecting and disapproving a variance from the borough zoning ordinance granted by the Board of Adjustment.

The arrangement of streets is that First Avenue runs north and south and carries the through traffic from and to Spring Lake.   Terrace Boulevard, Beacon Boulevard and Chicago Boulevard run east and west in that order, intersecting First Avenue with short intervening blocks.   Prosecutor is the owner of a three story frame structure located on Chicago Boulevard at the northwest corner of the intersection of that highway with First Avenue.   The building is sixty-five to seventy years old and contains ten bedrooms, three bathrooms and one kitchen.   It was constructed for use as a one-family dwelling and is in a district zoned for one-family dwellings. On October 14th, 1944, prosecutor applied to the building inspector for a certificate of occupancy of the premises as a

boarding house. The application was refused under date of November 29th, 1944, for the reason that the property was in a one-family residence zone. At the time of the making of that application the borough was so zoned that prosecutor's property was within 150 feet of a district wherein the desired use was permitted under the terms of the ordinance, and the Board of Adjustment then had power, under the limitations of the statute, *R. S.* 40:55–39(c), to authorize variances; but the council forthwith, by ordinance introduced November 7th and finally passed on November 21st, 1944, so amended the municipal law that hotels, boarding and rooming houses, except those then existing as non-conforming uses, were permitted nowhere in the borough. Consequently, when shortly thereafter prosecutor applied to the Board of Adjustment for a variance, the authority of that board was limited, *R. S.* 40:55–39(d), to the making of a recommendation subject to the approval or disapproval of the borough council. The latter course was pursued; that is, the Board of Adjustment, after notice to property owners and public hearing, determined that the literal enforcement of the ordinance would result in unnecessary hardship, that the proposed use would not be contrary to public interest and that the use of the premises as a rooming house be recommended to the mayor and council. The mayor and council, however, determined that the variance would be contrary to the public interest and disapproved the recommendation.

Prosecutor's building is of such size and design that it is no longer in demand for one-family use and is in a location where hotels, boarding houses and rooming houses predominate. Opposite the property on the other side of Chicago Boulevard are two three-story structures, also formerly dwellings, now used as boarding houses and rooming houses; abutting prosecutor's property on the rear and facing Beacon Boulevard are two other structures of like origin now used as rooming or boarding houses. On the other side of First Avenue at the southeast corner of Beacon Boulevard, and almost opposite prosecutor's property, is the Parker House, a hotel with sixty-five rooms and a bar and grill that open on First Avenue. Diagonally opposite prosecutor's property, at

the southeast corner of First Avenue and Chicago Boulevard, is a real estate and insurance office. On the north side of Chicago Boulevard a short distance east of First Avenue is the Tremont Hotel now or lately for a time used by the Coast Guard. On Beacon Boulevard, slightly west of First Avenue, is another rooming house known as the "Guest House." A little further to the north on First Avenue at Terrace Boulevard are a machine shop on one side of the street and a public garage on the other. All of these factors, uniting, present a strong case for the prosecutor. We fail to understand how a respectable occupancy that conforms to the prevailing use of structures in the neighborhood is contrary to the public interest; and we are convinced that unnecessary hardship would be entailed upon prosecutor were the resolution under review to prevail.

"The uses which, by whatever authority, exist in a neighborhood constitute a condition which must be considered in determining what inhibitions may be justly imposed against other properties within the neighborhood. * * * The conditions which exist on a part of a restricted street may serve to call for an exception as to that part." *Bianchi* v. *Morey,* 128 *N. J. L.* 219. Every case must stand upon its own facts. We think that the action of the mayor and council in rejecting the recommendation of the Board of Adjustment was, under the facts of the case, arbitrary and capricious to the point of being an abuse of discretion. It will be set aside. A writ of peremptory *mandamus* will issue directing affirmative action. Costs to the prosecutor.