MYRA L. PARSONS ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued April 14—decided August 11, 1953

*Elmer W. Ryan,* for the appellants-appellees (plaintiffs).

*Frank E. Callahan,* with whom was *Harrison F. Turnbull,* for the appellant-appellee (defendant Security Insurance Company of New Haven), and with whom, on the brief, was *John W. Barclay,* for the appellant-appellee (defendant board).

292

CORNELL, J. On September 25, 1951, the board of zoning appeals of the city of New Haven granted the application of the estate of Bertha A. Watrous and the Security Insurance Company of New Haven, defendants in this action, for permission to use the basement and first and second floors of a single-family dwelling, known as the Watrous property, at 261 Bradley Street, New Haven, for offices for physicians, surgeons and dentists, but denied them permission to construct, maintain and use the driveway along the easterly boundary of the property as a passway between Bradley Street and other premises of the insurance company located at the rear of the property. The plaintiffs, comprising a number of residents of the city of New Haven, appealed to the Court of Common Pleas from the action of the board in allowing the variance. That court rendered judgment dismissing the appeal.

The plaintiffs take exception to several paragraphs of the finding which are to the effect that the board had before it certain facts concerning the number of doctors' offices already in the neighborhood. The basis of their exception is that the only evidence of these facts was an unsworn statement made at the hearing before the board by counsel for the defendants. Proceedings before an administrative board are informal. *Saporiti* v. *Zoning Board of Appeals,* 137 Conn. 478, 482, 78 A.2d 741. Such a board is not bound by the strict rules of evidence. *Adam* v. *Connecticut Medical Examining Board,* 137 Conn. 535, 540, 79 A.2d 350. It may act upon facts which are known to it even though they are not produced at the hearing. *Jaffe* v. *State Department of Health,* 135 Conn. 339, 349, 64 A.2d 330; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909. The only requirement is that the conduct of the

hearing shall not violate the fundamentals of natural justice. That is, there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary or to be fairly apprised of the facts upon which the board is asked to act. *Wadell* v. *Board of Zoning Appeals,* 136 Conn. 1, 8, 68 A.2d 152.

In the present case, the statement of facts was made at the hearing by counsel for the defendants in the presence of counsel for the plaintiffs and without objection. The latter had ample opportunity to refute it and in fact did contradict it in certain particulars. Under the circumstances, the board was entitled to accept the statement in lieu of sworn testimony and to give to it such credence and weight as, in their minds, it merited. The facts contained in the statement were properly before the board. The dictum in *Celentano* v. *Zoning Board of Appeals,* 135 Conn. 16, 18, 60 A.2d 510, that such statements are not evidence is overruled.

From the transcript of the proceedings before the board, supplemented by the finding, which is not subject to correction, it appears that the board had in mind in granting the variance the following facts: The Watrous property is on the north side of Bradley Street. It consists of a single-family dwelling of thirteen rooms on a lot having a frontage of 80 feet and a depth of 170 feet. The zoning ordinance of the city of New Haven in effect on September 25, 1951, was adopted under the authority of a special act of the General Assembly. 19 Spec. Laws 1006. The Watrous property is in a residence B district. The uses permitted in that district include any building or use permitted in a residence AA district, two-family detached dwellings, boarding houses, one-

or two-family attached dwellings where there is an alley in the rear, and hotels having thirty or more sleeping rooms. New Haven Zoning Ordinance, Art. 5, § 1013 (1951). The land extending west of the Watrous property to the east line of Whitney Avenue and the land on the north are in a business A district. The land on the north and the office building on it are owned by the Security Insurance Company. On September 1, 1951, the insurance company acquired the Watrous property by a deed from the executors of the will of Bertha A. Watrous. The company knew before contracting to purchase the property that it was in a residence B district in which no business use was permitted unless sanctioned by a variance granted by the board of zoning appeals, and the purchase was not conditioned on the obtaining of a variance.

There are sixteen houses on Bradley Street between Whitney Avenue, the street to the west of the Watrous property, and Orange Street, the second street to the east. There are twenty-nine doctors' offices in properties bounding on Bradley Street between Whitney Avenue and the next street east. Of the doctors using these offices, only three reside in the houses where they maintain their offices. The board of zoning appeals had previously granted four variances to permit dwelling houses in the same block as the Watrous property to be used for doctors' offices. One of these was for the premises next to the Watrous property on the east, where six doctors occupied offices. The board had previously granted twelve variances for properties on Trumbull Street, which is parallel with Bradley Street and one block south. Sixty-four doctors and dentists now occupy offices on that street. There is a drugstore on Bradley Street.

In granting the variance, the board gave as its reasons that the premises were available for no other use than that sought in the appeal because the use of so large a house as a dwelling is "something of the past." It stated its opinion to be that it would be far better to have the premises used as medical offices than as a boarding house, because under the former use the location would not deteriorate and the value of the properties on the street and in the vicinity would not tend to be affected.

The zoning ordinance in effect in New Haven contains the usual provision that the board of zoning appeals may grant variances in harmony with the general purpose and intent of the regulations, "[w]here there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of [the] Ordinance." New Haven Zoning Ordinance, Art. 13, § 1033 (7) (1951). To justify a variation under such a provision in a zoning ordinance, it must appear that the change will not substantially affect the comprehensive plan of zoning in the municipality and that adherence to the strict letter of the ordinance will cause difficulties and hardships the imposition of which upon the petitioner is unnecessary in order to carry out the general purpose of the plan. *Stavola* v. *Bulkeley,* 134 Conn. 186, 190, 56 A.2d 645; *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240, 244, 56 A.2d 647. The facts before the board indicate that the whole area is changing. It is becoming a medical center. The Watrous property is bounded on the north and the west by a business A district. A variance has been granted so that the house next door on the east can be, and is being, used for doctors' offices, and it is occupied by six physicians. The question before the board was whether the carrying out of the strict letter of the

zoning regulations worked an unnecessary hardship upon the defendants. Boards which have granted variances under circumstances very similar to those in the instant case have been upheld by the courts. *Scheutz* v. *Dossey Lumber Co.*, 195 Okla. 439, 158 P.2d 720; *Hammond* v. *Board of Appeal*, 257 Mass. 446, 154 N.E. 82; *Allen* v. *Paterson*, 98 N.J.L. 661, 121 A. 610; see also *Bianchi* v. *Morey*, 128 N.J.L. 219, 24 A.2d 566; *Hann* v. *Sea Girt*, 134 N.J.L. 74, 46 A.2d 47; *Progress Holding Co.* v. *Board of Adjustment*, 118 N.J.L. 135, 191 A. 799.

"The circumstances and conditions in matters of zone changes and regulations are peculiarly within the knowledge of the zoning commission. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority." *Kutcher* v. *Town Planning Commission*, 138 Conn. 705, 710, 88 A.2d 538; *Eden* v. *Town Plan & Zoning Commission*, 139 Conn. 59, 62, 89 A.2d 746. The issue before the trial court was whether the board had "acted arbitrarily or illegally, or so unreasonably as to have abused its discretion." *Piccolo* v. *West Haven*, 120 Conn. 449, 453, 181 A. 615; *DeFelice* v. *Zoning Board of Appeals*, 130 Conn. 156, 164, 32 A.2d 635. Upon the facts presented by the record, the court was correct in sustaining the board.

The defendants filed a cross appeal, assigning as error the overruling of their plea in abatement. In view of the conclusions which we have reached with reference to the plaintiffs' appeal, it is not necessary to decide the issue on the cross appeal.

There is no error.

In this opinion the other judges concurred.