138

RALPH ROMANO *v.* CONNECTICUT STATE WELFARE
DEPARTMENT

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 4-6506-4598

Argued April 25—decided September 2, 1966

*Mary P. Ryan,* assistant counsel, state welfare
department, for the appellant (defendant).

*Jeremiah M. Keefe,* of Waterbury, for the appellee (plaintiff).

KOSICKI, J. The plaintiff appealed to the Circuit Court from the final decision of the state welfare commissioner by which the plaintiff was billed for the partial support of his father at a humane institution pursuant to § 17-295 of the General Statutes. Such an appeal is authorized, under § 17-2b, upon application of an aggrieved person, after a fair hearing before the commissioner or his authorized representative. §§ 17-296, 17-2a, 17-2b. The pertinent provisions of the foregoing sections are quoted in the footnote.[1]

---

[1] "Sec. 17-296. HEARING ON BILLING. Any person aggrieved by the finding and billing of the commissioner under section 17-295 shall be entitled to a fair hearing in accordance with the provisions of section 17-2a."

"Sec. 17-2a. FAIR HEARINGS BY COMMISSIONER. APPLICATION. SUB-POENAS. An aggrieved person authorized by law to request a fair hearing on a decision of the welfare commissioner . . . may make application for such hearing in writing over his signature to the commissioner and shall state in such application in simple language the reasons why he claims to be aggrieved. Such application shall be mailed to the commissioner within thirty days after the rendition of such decision. The commissioner shall thereupon hold a fair hearing within thirty days from receipt thereof and shall, at least ten days prior to the date of such hearing, mail a notice, giving the time and place thereof, to such aggrieved person. A reasonable period of continuance may be granted for good cause. . . . The aggrieved person shall appear personally at the hearing and may be represented by an attorney. A stenographic or mechanical record shall be made of each hearing, but need not be transcribed except in the event of an appeal from the decision of the hearing officer. The welfare commissioner and any person authorized by him to conduct any hearing under the provisions of this section shall have power to administer oaths and take testimony under oath relative to the matter of the hearing and may subpoena witnesses and require the production of records, papers and documents pertinent to such hearing. . . ."

"Sec. 17-2b. DECISION. APPEAL. (a) Not later than thirty days after such hearing, the commissioner or his designated hearing officer shall render a final decision based upon all the evidence introduced before him and applying all pertinent provisions of law, regulations and departmental policy, and such final decision shall

The following facts, appearing in the certified transcript of the hearing record before the commissioner, are not in dispute. On July 2, 1964, the plaintiff's father was admitted as a patient to the Connecticut Valley Hospital. After an investigation, pursuant to § 17-295, it was determined by the commissioner that the plaintiff, as one of the relatives made liable under the statute, should pay $12 a week toward his father's hospital support, effective from July 2; and on December 2 he was billed accordingly. On December 6, he protested the bill in writing and requested a fair hearing. On December 28, he was notified in writing of the place and time of hearing, to be held on February 11, 1965. The hearing was held on that date and a decision

supersede the decision made without a hearing. Notice of such final decision shall be given to the aggrieved person by mailing him a copy thereof within seventy-two hours of its rendition. Such decision after hearing shall be final except that the applicant for such hearing, if aggrieved, may appeal therefrom, within thirty days from the date of its rendition, to the circuit court in any circuit in the county wherein he resides, in accordance with the provisions of subsection (b) of this section. No appeal may be taken from a decision made without a hearing. (b) Upon appeal to the circuit court from the decision made after hearing, the appellant shall state his reasons for appeal. Such appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court. Notice of such appeal shall be given by leaving a true and attested copy thereof with the welfare commissioner or by sending the same to him by registered or certified mail. Upon receipt of such copy, the welfare commissioner shall certify to the court a transcript of the hearing record, together with a copy of the hearing decision, and shall forward to the appellant a copy of the transcript of the hearing record. The findings of the commissioner or his designated hearing officer as to the facts, if supported by substantial and competent evidence, shall be conclusive. The court, upon such appeal, shall determine whether the commissioner has acted illegally or so arbitrarily and unreasonably as to abuse his discretion, and said court, in accordance with such determination, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. Costs shall not be allowed against said commissioner. Appeals from decisions of said commissioner shall be privileged cases to be heard by the court as soon after the return day as shall be practicable."

rendered on March 9, ordering a recomputation. On March 18, the recomputation established the plaintiff's obligation to be $20 weekly, an increase of $8. On March 29, a request was made for a further hearing, and continuance was granted to April 14. The final decision, billing the plaintiff at $15.91 weekly, was made on May 21, 1965, and from this decision an appeal was taken. §§ 17-296, 17-2b.[2]

The only claims alleged in the appeal from the commissioner's decision were (1) the hearings and decisions were illegal because they were not held and rendered within the time periods specified by statute; and (2) the commissioner acted "without authority, unreasonably, arbitrarily and in abuse of the discretion vested in" him in that (a) all the legally liable relatives have not been ordered to pay proportionate shares; (b) the exempted income allowed by the welfare department was insufficient to meet the current expenses and necessities of the plaintiff; and (c) the necessary computations made in formulating the decision did not take into account the plaintiff's expenses in producing his total gross income.

The trial court, in its memorandum of decision, sustained the appeal on the sole ground that the commissioner's decision was based to some extent on provisions of departmental policy which were not part of the record before the trial court. In this there was error. A full transcript of the hearing record together with a copy of the hearing decision was furnished to the trial court. § 17-2b (b). "It therefore could and should have determined the appeal upon that record." *Neubauer* v. *Liquor Control Commission,* 128 Conn. 113, 114. This question was raised by the court sua sponte and was not an issue framed by the pleadings. A claim not pleaded nor relied on during the trial cannot be

---

[2] See note 1 supra.

raised now. *Parsons* v. *Wethersfield,* 135 Conn. 24, 28. In appeals from administrative officers or bodies, the burden of properly presenting the appeal rests on the appealing party. In the present case, the only question before the court was whether the commissioner had acted illegally or so arbitrarily and unreasonably as to abuse his discretion. § 17-2b. The burden of proof to show such conduct rested on the plaintiff. *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 164; *Riley* v. *Board of Police Commissioners,* 147 Conn. 113, 117; *Blakeman* v. *Planning Commission,* 152 Conn. 303, 306; *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178; 2 Am. Jur. 2d, Administrative Law, § 748.

"Proceedings before an administrative board are informal. *Saporiti* v. *Zoning Board of Appeals,* 137 Conn. 478, 482 . . . . Such a board is not bound by the strict rules of evidence. *Adam* v. *Connecticut Medical Examining Board,* 137 Conn. 535, 540 . . . . It may act upon facts which are known to it even though they are not produced at the hearing. *Jaffe* v. *State Department of Health,* 135 Conn. 339, 349 . . . ; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154 . . . . The only requirement is that the conduct of the hearing shall not violate the fundamentals of natural justice. That is, there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary or to be fairly apprised of the facts upon which the board is asked to act. *Wadell* v. *Board of Zoning Appeals,* 136 Conn. 1, 8 . . . ." *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 292. Furthermore, where the record is insufficient to enable the court upon appeal to understand clearly what was done, further evidence may be adduced before the court for its determination of what the facts really were; *Grady* v. *Katz,* 124

Conn. 525, 530; or, lacking an adequate record of the administrative proceedings, the appeal may be dismissed. *DeFelice* v. *Zoning Board of Appeals,* supra, 165. If the statements of policy were deemed of consequence by the court in its determination of the issues raised by the appeal, it could easily have suggested to the plaintiff that it was his burden to produce them and that without them the court would be unable to pass on the legal issues presented by the pleadings. This was not done.

Although our decision that the court was in error in acting as it did would ordinarily be dispositive of this appeal, we believe that, in the interests of justice, we should treat the case as the parties have done, both at the trial and on the appeal, and consider the remaining assignment of error. *Hoffman* v. *Kelly,* 138 Conn. 614, 620; *Celentano* v. *Zoning Board of Appeals,* 136 Conn. 584, 588; Maltbie, Conn. App. Proc. § 42, p. 49. The claim, in general, is that the court erred in sustaining the appeal without determining, in its decision, that the commissioner had acted illegally or so arbitrarily and unreasonably as to abuse his discretion.

That was the only issue before the court. In his appeal from the commissioner's decision, the plaintiff alleges illegality in that the hearings and decisions were not conducted and rendered within the time limits specified by statute. The only instance in which this claim, if valid, would apply would be in the notification of December 28, 1964, that the fair hearing first applied for would be held on February 11, 1965. The plaintiff appeared and made no objection, and a fair hearing was held. All subsequent proceedings, continuances or decisions were at the request or for the benefit of the plaintiff and were timely. The plaintiff cannot complain now of something which he waived and from which no injury could conceivably have resulted. From the

nature of the statute and the objectives sought to be accomplished it is obvious that the prescribed time limits are not jurisdictional (as they are in the case of publication of notice in zoning board hearings; e.g. *Aurora* v. *Zoning Board of Appeals*, 153 Conn. 623, 625). Otherwise, anomaly would inhere in the statute allowing an appeal from the commissioner's decision only after a fair hearing; § 17-2b; and then making the hearing and decision illegal because the statutory time limits were not strictly observed. An aggrieved person would thus be effectively deprived of his right of appeal because the same statute provides that, except for the appeal, the commissioner's decision shall be final. "Courts must be scrupulous not to hamper the legitimate activities of . . . administrative boards by indulging in a microscopic search for technical infirmities in their action. *Couch* v. *Zoning Commission*, 141 Conn. 349 . . . ." *Silver Lane Pickle Co.* v. *Zoning Board of Appeals*, 143 Conn. 316, 319. This claim of the plaintiff is without merit.[3]

The remaining issues which were briefed at the trial and on appeal relate to the failure of the commissioner to bill other relatives "proportionately." At the fair hearing, the plaintiff disclaimed any interest in what charges were made against them and offered no evidence or in any effective way disputed the billing of any liable person but himself. The present claim was not made at the fair hearing, and it cannot be considered on the different grounds stated in the plaintiff's statutory appeal and brief. *Thaw* v. *Fairfield*, 132 Conn. 173, 180.

[3] The word "appeal" as used in proceedings reviewing administrative actions is a misnomer because such proceedings do not transfer the entire matter to the court for a rehearing; the only judicial question involves the legality of conduct in the administrative action. The court cannot, on such an appeal, substitute its discretion for that vested in the commissioner. *DeMond* v. *Liquor Control Commission*, 129 Conn. 642, 645, 646.

The main challenge of the plaintiff's statutory appeal was that the computation by the commissioner in arriving at his decision as to the plaintiff's ability to pay toward his father's support in a humane institution, under § 17-295, was made illegally or so arbitrarily and unreasonably as to amount to an abuse of his discretion. The plaintiff does not question the adequacy and the definition of the standards under which the commissioner was empowered to act. Cf. *State* v. *Griffiths,* 152 Conn. 48, 57; *State* v. *Stoddard,* 126 Conn. 623, 628. Nor can the plaintiff do so through any rational approach, because the legislature itself not only has prescribed an outline to be filled in by the administrator of the statute but has defined the standards with sufficient precision so that a court, on viewing the record, can determine whether the action of the commissioner is assailable. The applicable portions of § 17-295 (e) read as follows: "No finding or billing shall be predicated on a universal table except as the same may be used as a general standard of measurement, but, in determining the ability of liable relatives or the patient to pay in each case, the welfare commissioner shall consider, among other items, the following expenses and obligations: Special employment expenses; . . . medical and hospital obligations, if being liquidated; shelter expense in excess of one-fourth of the gross income of the liable person, minus federal income tax and any mandatory retirement deductions; . . . and the number and condition of others dependent upon him, and shall also consider any payments which may become due and payable to the patient . . . by reason of any social security . . . or other like benefits . . . ."

We have read the record submitted by the defendant. § 17-2b (b). It is unnecessary to recapitulate the various items considered by the commissioner in

the light of the quoted statute. We find nothing in the record to indicate that the findings of the hearing officer designated by the commissioner were not supported by substantial and competent evidence. The trial court should have decided that the commissioner did not act illegally or so arbitrarily and unreasonably as to abuse his discretion.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion DEARINGTON and KINMONTH, Js., concurred.