## DOROTHY REED *v.* BERNARD SHAPIRO, WELFARE COMMISSIONER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-6610-26992

Argued June 12—decided December 22, 1967

*Roger E. Koontz,* of New Haven, for the appellant (plaintiff).

*Robert K. Killian,* attorney general, and *Richard E. Rapuano,* assistant attorney general, for the appellee (defendant).

DEARINGTON, J. The plaintiff is a recipient of public assistance under the program known as aid to dependent children, hereinafter called A.D.C. General Statutes §§ 17-85—17-105. As a result of a modification of such assistance, she made a request for a fair hearing as provided for in § 17-2a. A fair hearing was held and the modification was affirmed. Thereafter, she appealed to the Circuit Court as provided in § 17-2b, claiming to be aggrieved in that (1) she is in need of additional assistance to support herself and her two children; (2) the welfare commissioner acted illegally and in abuse of his discretion; (3) she was denied the right to raise the question of inadequacy of welfare assistance standards; (4) she was denied the right to raise the question whether the welfare commissioner had performed his duties under §§ 17-85 and 17-90; (5) an employee of the department was not subpoenaed by the commissioner at her request; (6) the issue was limited to whether existing agency standards were applied; and (7) the fair hearing officer maintained he was without authority to question the legality of standards of assistance as established by the commissioner. The trial court, following a hearing, affirmed the decision, and the defendant has appealed to this court.

The trial court reached the following conclusions: (1) The chief complaint of the plaintiff before the fair hearing officer was that she could not manage on the monthly award of $208.75 for herself and two children; (2) the award made was made in accordance with established rules and regulations, and the action of the fair hearing officer in sustaining the welfare department was not arbitrary or unreasonable; (3) that the fair hearing officer refused to allow the plaintiff to raise the issue of adequacy was of no consequence; (4) the failure of the fair hearing officer to issue a subpoena for the attend-

ance of a witness was of no consequence; (5) the plaintiff received a fair hearing.

The plaintiff has pursued two of her several assignments of error, namely: (1) Did the commissioner err in refusing to allow the plaintiff to raise the issue whether the commissioner complied with statutory standards in determining the amount of assistance to be granted? (2) Did the commissioner err in failing to subpoena a departmental employee at the request of the plaintiff?

In reviewing the first assignment of error, we first consider the duties delegated to the commissioner in the administration of the welfare law. Section 17-2 provided that the commissioner "shall make such regulations as are necessary to enable him to administer any program or to fulfill any responsibility with which he is charged by law. . . . He shall make semi-annually, after adequate study, a redetermination and such revision as may be necessary of the standards of assistance for the several programs administered by the department. He shall make a reinvestigation, at least every twelve months, of all cases receiving aid from the state and he shall maintain all case records of the several programs administered by the welfare department so that such records show, at all times, full information with respect to eligibility of the applicant or recipient." One of the programs provided for under his administration relates to state aid for dependent children (A.D.C.) at the home of a supervising relative, thus eliminating placement of the child or children in a state institution. General Statutes § 17-85. Aid shall be granted to an eligible relative therefor "to an extent adequate to enable the relative caring for such child or children, together with all other available income and support, to maintain a standard of living in the home reasonably compatible with health and decency for

such child or children. . . . The amount of the aid shall be determined in accordance with standards of assistance established by the commissioner." § 17-87.

Any applicant claiming to be aggrieved by the decision of the commissioner may make application for a fair hearing. § 17-2a. Thereafter, if the applicant claims to be an aggrieved person, he may appeal to the Circuit Court. § 17-2b (a). "The findings of the commissioner or his designated hearing officer as to the facts, if supported by substantial and competent evidence, shall be conclusive. The court, upon such appeal, shall determine whether the commissioner has acted illegally or so arbitrarily and unreasonably as to abuse his discretion, and said court, in accordance with such determination, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." § 17-2b (b).

The plaintiff does not question the constitutionality of the delegation of power by the legislature to the commissioner, nor does she argue that the legislative standard of "health and decency" is so vague as to admit of an improper delegation of power. Neither does she seek to determine whether the existing standards conform to the requirement of § 17-90 in that aid to dependent children must enable the applicant and her family to live "in health and decency." The question raised by the plaintiff is whether she has the right, at a fair hearing, to inquire of the commissioner if he has fairly complied with his duties under the provisions of §§ 17-2 and 17-90 in establishing such regulations as are necessary to enable him to administer the A.D.C. program. She contends that she has such a right and that she was denied or refused the exercise of that right.

In the beginning, it must be recognized that the trial court is limited in its review. Its function is to decide whether the commissioner, on the facts before him, has mistaken the law and so has acted illegally or so arbitrarily as to abuse his discretion. "A court cannot, constitutionally, do more." *Dempsey* v. *Tynan,* 143 Conn. 202, 206; *State* v. *Griffiths,* 152 Conn. 48, 58. The trial court reviews the action of an administrative agency largely on its record. *Graham* v. *Houlihan,* 147 Conn. 321, 331. It does not try the matter de novo. *Bisogno* v. *Connecticut State Board of Labor Relations,* 150 Conn. 597, 602. In the instant case the transcript of the fair hearing, together with the memorandum of decision and other documents relating to the matter, was filed with the pleadings and made a part of the record. In addition to the fair hearing officer and reporter, the following were present at the hearing: the case worker, the case supervisor, the home economist, two representatives from the United Social Services, the plaintiff, her attorney, and three members of the New Haven Legal Assistance Association.

The burden was on the plaintiff to prove that the action appealed from was arbitrary or illegal. *Hills* v. *Zoning Commission,* 139 Conn. 603, 608; *Romano* v. *Connecticut State Welfare Department,* 4 Conn. Cir. Ct. 138, 142. Under § 17-2a, the applicant is required to make application for a fair hearing "and shall state in such application in simple language the reasons why he claims to be aggrieved." This requirement is salutary, since it affords the commissioner an opportunity to meet the applicant's claim. See *Federal Trade Commission* v. *National Lead Co.,* 352 U.S. 419. Such a requirement also narrows the issue and thus keeps the hearing within proper bounds. The only allegation on the face of the record complying with this requirement is that "her

request for increased public assistance" was denied. The pertinent part of § 17-90 provides that when an applicant for aid has established eligibility the commissioner "shall grant aid in such amount, determined in accordance with standards established by the commissioner, as is needed in order to enable the relative to support such dependent child or children and himself in health and decency." Thus, the only question before the fair hearing officer was whether the award complied with the standards established by the commissioner. The record indicates that the finding of the fair hearing officer was fairly based on substantial and competent evidence, and the award as made was not arbitrary, unreasonable or illegal but was in accordance with the required standards, as was concluded by the trial court. The issue sought to be raised by the plaintiff was, as the trial court concluded, "of no consequence," since it did not fairly fall within the issue sought to be resolved.

The plaintiff further contends that error was committed in the refusal of the fair hearing officer to issue a subpoena at her request. It appears from the transcript of the fair hearing proceedings that the plaintiff requested the fair hearing officer to subpoena an employee of the state welfare department. The request was not complied with. The plaintiff contends that one of the provisions of § 17-2a requires the commissioner to subpoena a witness to be present at a fair hearing at the request of an applicant for public aid. We do not so construe this provision. The statute gives the commissioner the power to issue a subpoena, which power an administrative officer would not otherwise have. 1 Am. Jur. 2d, Administrative Law, § 89. The plaintiff was not on trial as an offender, nor was any vested right involved. General Statutes § 17-100. We have been unable to find any reported cases on

this subject as it relates to the exercise of subpoena power in hearings for public assistance. "In some proceedings, it is not the practice to issue subpoenas . . . [*Diamond State Liquors, Inc.* v. *Delaware Liquor Commission* (45 Del. 412)] but in others, the administrative body will do so . . . [*National Labor Relations Board* v. *Condenser Corporation of America,* 128 F.2d 67]." 73 C.J.S. 451, Public Administrative Bodies and Procedure, § 128. Even where, however, procedural requirements provide for the issuance of a subpoena before an administrative agency, it is usually a matter for determination by the agency in the first instance. *In re Merchant Mariners Documents Issued to Dimitratos,* 91 F. Sup. 426. The failure of the commissioner to issue a subpoena, if this be the fact, does not in itself show that the plaintiff did not have a fair hearing. The plaintiff concedes that the presence of this witness was sought in order that she might be questioned on matters which we have already determined were not relevant. See *Bethlehem Steel Co.* v. *National Labor Relations Board,* 120 F.2d 641, 651. No error was committed by the commissioner in this respect.

The trial court was correct in concluding that the defendant did not act "illegally or so arbitrarily and unreasonably as to abuse his discretion."

There is no error.

In this opinion KOSICKI and MACDONALD, Js., concurred.