THADDEUS J. BARA *v.* PERSONNEL APPEAL BOARD
OF THE STATE OF CONNECTICUT

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE No. 109824

Memorandum filed December 19, 1973

*William J. Luby,* of Hartford, for the plaintiff.

*Robert K. Killian,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the defendant.

KINMONTH, J.   The plaintiff's appeal from the defendant board is in two counts.   The demurrer to the first count is on the ground that it fails to allege facts sufficient to justify a nullification or reversal of the defendant's decision.   A prayer for relief is demurred to on the ground that the court lacks jurisdiction to grant declaratory relief in this proceeding.

The first count alleges that the defendant board, which heard the plaintiff's appeal from his dismissal on February 8, 1973, and March 8, 1973, failed to render its decision within ninety days from the date of the hearing as required by § 5-202 (c) of the General Statutes.   If it is assumed that the board did not render its decision within ninety days, the failure of the board to do so would not constitute a ground for invalidating its decision. *Romano* v. *Connecticut State Welfare Dept.,* 4 Conn. Cir. Ct. 138, 143.

As to the ground of demurrer that the court lacks jurisdiction to grant a declaratory judgment, § 4-183 (g) of the Uniform Administrative Procedure Act (General Statutes, c. 54) empowers the court to affirm, reverse, or modify an agency's decision or to remand the case to the agency for further proceedings. An appeal from an administrative agency is a special statutory proceeding and not a "civil action" as is a declaratory judgment case. *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* 153 Conn. 121, 124.

For the above reasons the demurrer is sustained.